UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WHITAKER,<br><br>    Plaintiff,<br><br>v.<br><br>SUNHILL ENTERPRISES, LP, et al.,<br><br>    Defendants. | Case No. 22-cv-00040-JSW<br><br>**ORDER GRANTING MOTION TO DISMISS, WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 25 |

This matter comes before the Court upon consideration of the motion to dismiss filed by Defendant A-1 Excel, Inc. ("A-1")  The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it HEREBY GRANTS A-1's motion, with leave to amend.

**BACKGROUND**

Plaintiff, Brian Whitaker ("Whitaker"), is a quadriplegic who uses a wheelchair for mobility. (Compl. ¶ 1.) In December 2021, Whitaker went to Gaters restaurant in Fremont, California intending "to avail himself of its good or services." Whitaker also was "motivated in part to determine if the defendants complied with the disability access laws." (*Id.* ¶¶ 4-5, 10.) A-1 owns Gaters. (*Id.* ¶¶ 4-5.) Whitaker alleges that he encountered several issues that violated ADA standards and that created difficulty and discomfort for him: (1) the lack of sufficient knee or toe clearance under indoor dining surfaces; (2) the sales counter was not 36 inches or less in height; and (3) the door hardware had a pull bar style handle that required tight grasping to operate. (*Id.* ¶¶ 12-27.) Whitaker also alleges that he will return to Gaters "to avail himself of its goods and services and to determine compliance with the disability access laws" once it is represented to him

that its facilities are in compliance with the Americans with Disabilities Act ("ADA"). According to Whitaker, because he knows of these barriers, he is deterred from returning to Gaters. (*Id.* ¶ 32.)

On December 23, 2021, Whitaker filed his complaint, alleging that A-1 violated the ADA and California's Unruh Act. A-1 did not file a timely answer, and the Clerk entered default on May 12, 2022. The parties subsequently stipulated to set aside the default. (Dkt. Nos. 18, 21.) On July 23, 2022, Whitaker filed an administrative motion to compel all defendants to comply with General Order 56. On June 27, 2022, A-1 filed its motion to dismiss, and the other named defendants opposed Whitaker's request. The Court denied the motion for administrative relief without prejudice on June 28, 2022. (Dkt. Nos. 23, 25-27.)

The Court will address additional facts as necessary in the analysis.

**ANALYSIS**

A-1 argues that Whitaker lacks standing to pursue his claims. The Court evaluates challenges to Article III standing under Federal Rule of Civil Procedure 12(b)(1), and a defendant may make a facial or factual attack on a plaintiff's standing. *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011) (motion to dismiss for lack of standing governed by Rule 12(b)(1)). Whitaker bears the burden to show that he has standing and that jurisdiction exists.

A-1 makes both a facial and a factual attack on standing.[1] In a facial attack on jurisdiction, the factual allegations of the complaint are taken as true. *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996). Whitaker is then entitled to have those facts construed in the light most favorable to him. *Id.* In contrast, a factual attack on subject matter jurisdiction occurs when a defendant challenges the actual lack of jurisdiction with affidavits or other evidence. *See Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). "When the defendant raises a factual attack, the plaintiff must support … jurisdictional allegations with

---

[1] Whitaker did not object to the declarations and evidence A-1 submitted with its motion. He does object to A-1's references to *People v. Potter Handy*, submitted in its reply brief. The Court did not rely on allegations contained in the *People v. Potter Handy* complaint to resolve this motion and considers the allegations raised in that complaint solely in connection with A-1's request for an evidentiary hearing. Accordingly, it DENIES AS MOOT Whitaker's objections.

'competent proof,' under the same evidentiary standard that governs in the summary judgment context." *Id.* at 1121 (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010)). The district court may resolve those factual disputes itself, unless "the existence of jurisdiction turns on disputed factual issues[.]" *Id.* at 1121-22 (citations omitted).

### 1. The Court Dismisses the ADA Claim.

In order to show he has standing, Whitaker must allege facts showing "(i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, – U.S. –, 141 S.Ct. 2190, 2203 (2021) (citation omitted). "Article III standing requires a concrete injury even in the context of a statutory violation," as is alleged in this case. *Id.*, at 2205 (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016)). In addition, "standing is not dispensed in gross; rather, [Whitaker] must demonstrate standing for each claim" he presses and "for each form of relief" that he seeks. *Id.* at 2208 (citation omitted). The only relief available to Whitaker under the ADA is an injunction.[2]

To have standing to seek injunctive relief, Whitaker must allege facts to show that he "has suffered or is threatened with a 'concrete and particularized' legal harm, coupled with a 'sufficient likelihood that he will again be wronged in a similar way.'" *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) and *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)). The latter inquiry turns on whether Whitaker has a "real and immediate threat of repeated injury." *Id.* The threat of future injury cannot be "conjectural or hypothetical" but must be "certainly impending" to constitute an injury in fact for injunctive relief purposes. *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018).

---

[2] In his prayer for relief, Whitaker also seeks nominal damages for his ADA claim pursuant to *Uzuegbunam v. Preczewski*, -- U.S. --, 141 S.Ct. 792 (2021). The parties do not focus on that request, and the Court also focuses on the claim for injunctive relief. The Court notes, however, that several courts in this District have not been persuaded that nominal damages are an available remedy. *See, e.g., Garcia v. Beck*, No. 21-cv-4575-CRB, 2022 WL 1215788, at *2-*4 (N.D. Cal. March 24, 2022) (citing cases).

3

> An ADA plaintiff can show a likelihood of future injury when he intends to return to a noncompliant accommodation and is therefore likely to reencounter a discriminatory architectural barrier. Alternatively, a plaintiff can demonstrate sufficient injury to pursue injunctive relief when discriminatory architectural barriers deter him from returning to a noncompliant accommodation. Just as a disabled individual who intends to return to a noncompliant facility suffers an imminent injury from the facility's existing or imminently threatened noncompliance with the ADA, a plaintiff who is deterred from patronizing a store suffers the ongoing actual injury of lack of access to the store.

*Chapman v. Pier 1 Imports (U.S.), Inc.*, 631 F.3d 939, 950 (9th Cir. 2011).

The Ninth Circuit also has held that "where, as here, the public accommodation being sued is far from the plaintiff's home, we have found actual or imminent injury sufficient to establish standing where a plaintiff demonstrates an intent to return to the geographic area where the accommodation is located and a desire to visit the accommodation if it were made accessible." *D'Lil v. Best Western Encina Lodge & Suites*, 538 F.3d 1031, 1037 (9th Cir. 2008).

Whitaker alleges that he visited Gaters and specified the particular barriers he encountered during that visit. He also alleges that he will return to Gater's but is deterred from doing so because he knows of these barriers. In contrast to the plaintiff in *D'Lil*, Whitaker fails to allege facts that support his intent to return to the Bay Area; he simply offers a conclusory statement that he will do so. Therefore, the Court concludes Whitaker fails to include facts in the complaint that are sufficient to show he has standing to seek injunctive relief. *Compare Johnson v. Jew*, No. 20-cv-08457-EJD, 2021 WL 3621828, at *5 (N.D. Cal. Aug. 16, 2021) (although plaintiff lived over 100 miles from defendant's business, complaint included factual allegations regarding his reasons for returning to the geographic location where defendant's business was located).

Whitaker has submitted a declaration with his opposition, in which he attests: (1) he has plans to move to the Sacramento area within the next few months; (2) he does intend to return to Gaters after he has been made aware that all barriers have been removed; and (3) he has begun to track which businesses he previously sued for ADA violations and to which has returned to following removal of barriers. (Declaration of Brian Whitaker ("Whitaker Decl."), ¶¶ 4, 9-10.) Whitaker has submitted declarations in other cases pending in this District attesting that he has

4

been considering a move to Northern California since at least December 2021.[3]  Although, to date, Whitaker still resides in Southern California, the Court concludes that Whitaker's declaration precludes it from finding as a matter of law that he lacks standing.  The declaration also prevents the Court from concluding it would not be futile to grant Whitaker leave to amend.  *Cf. Whitaker v. Marso LLC*, No. 21-cv-3711-PJH, 2021 WL 4267490, at *3 (N.D. Cal. Sept. 20, 2021).  Accordingly, the Court GRANTS A-1's motion to dismiss the ADA claim but will grant Whitaker leave to amend that claim on the terms set forth in the conclusion of this Order.

### 2. The Court Dismisses the Unruh Act Claim.

A-1's motion focused solely on Whitaker's standing to seek injunctive relief under the ADA.  There are no facts demonstrating the Court has original jurisdiction over the Unruh Act claim, and Whitaker alleges that the Court has supplemental jurisdiction over that claim.  Because the Court has dismissed the only claim over which it has jurisdiction, it dismisses the Unruh Act claim without prejudice.  *See* 28 U.S.C. § 1367(c)(3).  If Whitaker chooses to amend, he is ORDERED TO SHOW CAUSE why the Court should not conclude that "extraordinary circumstances" exist that warrant declining to exercise supplemental jurisdiction over the Unruh Act claim.  *See Arroyo v. Rosas,* 19 F.4th 1202, 1211-14 (9th Cir. 2021); 28 U.S.C. § 1367(c)(4).  Whitaker's response to the Order to Show Cause shall be filed concurrently with any amended complaint and shall be served on all defendants.

### CONCLUSION

For the foregoing reasons, the Court GRANTS A-1's motion to dismiss the ADA claim, and it declines to exercise supplemental jurisdiction over the Unruh Act claim.  The Court FURTHER ORDERS:

1. The parties are temporarily relieved from the deadlines set forth in General Order 56 until the Court has resolved the jurisdictional issues presented by A-1's motion.

2. Whitaker shall file any amended complaint by no later than August 24, 2022.

---

[3]  *See, e.g., Whitaker v. Peet's Coffee, Inc.*, No. 21-cv-9361-JSW, Dkt. No. 19, Order Granting Motion to Dismiss With Leave to Amend at 4:7-9 (citing exhibit to Defendant's request for judicial notice).

5

3. In light of the allegations raised against Whitaker and his counsel, the Court places him on notice that his amendments on standing will be subjected to a factual attack. Therefore, if Whitaker chooses to amend, he must file a declaration under penalty of perjury setting forth particularized facts that demonstrate his intent to return to Gaters, including any affirmative steps Whitaker has taken to move from Southern California to Northern California.

4. In addition, the Court requires counsel to file a declaration that includes the steps taken to ensure Whitaker visited Gaters on December 16, 2021 and has an intent to return. Counsel shall also include a chart specifying all cases Whitaker filed in December 2021 alleging barriers to access. The chart must specifically identify with as much precision as possible the date on which Whitaker encountered those barriers were encountered and shall indicate whether: (1) any of those cases have been dismissed for lack of standing; or (2) whether an evidentiary hearing has been held or is pending on Whitaker's intent to return to those businesses.

5. The parties' amended responsive pleadings or requests for additional jurisdictional discovery, with a plan to complete that discovery within thirty (30) days, shall be due by September 14, 2022. If the parties request jurisdictional discovery, the Court will toll its deadline to respond until jurisdictional discovery is complete.

6. The Court reserves the right to conduct an in-person evidentiary hearing to assess the credibility of the jurisdictional allegations.

7. The Court reminds all parties of their obligations under Federal Rules of Civil Procedure 1 and 11.

**IT IS SO ORDERED**

Dated: August 3, 2022

_____
JEFFREY S. WHITE
United States District Judge